**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TROPIC TECHNOLOGIES, INC., | |
| *Plaintiff,* | |
| v. | Docket No.:1:22-cv-06043 (LJL) |
| VENDR, INC. and STEPHEN ANDERSON, | |
| *Defendants.* | |

**VENDR INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINITFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

FOLEY & LARDNER LLP

Lewis Zirogiannis, Esq.
Telephone: (415) 438-6409
lzirogiannis@foley.com
90 Park Avenue
New York, New York 10016

Marcella M. Jayne, Esq.
(212) 338-3400
mjayne@foley.com

*PHV Granted During July 11, 2022*
*Hearing By Oral Motion*

Eileen R. Ridley, Esq.
555 California St., 17th Floor
San Francisco, CA 94104
Telephone: (415) 438-6469
eridley@foley.com

*Attorneys for Defendant Vendr, INC.*

**Error! Unknown document property name.**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

STANDARD OF REVIEW .................................................................................... 1

ARGUMENT ....................................................................................................... 2

I.      TROPIC HAS NO LIKELIHOOD OF SUCCESS ON THE MERITS ........................... 2

     a.      Tropic and Vendr are not Competitors Therefore Vendr cannot be Liable
for Unfair Competition ....................................................................... 2

     b.      Vendr has not and *will not* Receive any of Tropic's Purportedly Stolen
Documents ......................................................................................... 3

     c.      The Restrictions in Anderson's Employment Contract are Unenforceable
Therefore Vendr cannot be Liable for Tortious Interference.................. 4

II.     TROPIC WILL NOT BE IRREPARABLY HARMED IN THE ABSENCE OF
INJUNCTIVE RELIEF ..................................................................................... 5

III.    THE EQUITIES FAVOR VENDR ...................................................................... 6

CONCLUSION ..................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*DePuy Synthes Sales, Inc. v. Stryker Corp.*,
    2020 WL 6205702 (C.D. Cal. Sept. 29, 2020) ................................................................ 4, 5

*Doninger v. Niehoff*,
    527 F.3d 41 (2d Cir. 2008) .......................................................................................... 2

*Faiveley Transport Malmo AB v. Wabtec Corp.*,
    559 F.3d 110 (2d Cir. 2009) ........................................................................................ 1

*Federal Exp. Corp. v. Federal Espresso, Inc.*,
    201 F.3d 168 (2d Cir. 2000) ...................................................................................... 1, 6

*JSG Trading Corp. v. Tray-Wrap, Inc.*,
    917 F.2d 75 (2d Cir. 1990) ........................................................................................ 1, 6

*Mamiya Co. v. Masel Supply Co.*,
    719 F.2d 42 (2d Cir. 1983) .......................................................................................... 1

**State Cases**

*FLIR Systems, Inc. v. Parrish*
    (2009) 174 Cal.App. 4th 1270 ...................................................................................... 4

*Hooked Media Group, Inc. v. Apple, Inc.*
    (2020) 55 Cal.App.5th 323 ............................................................................................ 4

*NBT Bancorp Inc. v. Fleet/Norstar Financial Group, Inc.*,
    87 N.Y.2d 614 (N.Y. 1996) ........................................................................................... 5

**State Statutes**

California Business & Professions Code
    § 16600 ................................................................................................................. 4, 5

California Labor Code
    §925 ..................................................................................................................... 3, 5
    §2870 .................................................................................................................... 3

UTSA ......................................................................................................................... 4

Defendant Vendr, Inc. ("Vendr") respectfully submits this memorandum of law in opposition to Plaintiff Tropic Technologies, Inc.'s ("Tropic" or "Plaintiff") motion for a temporary restraining order and a preliminary injunction, brought by an order to show cause (ECF No. 4) (the "TRO") against Defendants Vendr and Stephen Anderson ("Anderson").

## PRELIMINARY STATEMENT

Tropic's TRO and preliminary injunction seeking to prevent Vendr's employment of Anderson must be denied as Tropic has utterly failed to demonstrate that it is entitled to any relief against Vendr – let alone the extraordinary relief requested here enjoining Vendr from commencing its employment of Anderson after having expended significant time and resources hiring Anderson in California.

## STANDARD OF REVIEW

A party seeking a preliminary injunction bears the burden of demonstrating its likely success on the merits. *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 116 (2d Cir. 2009). To succeed in securing a preliminary injunction, a party must first demonstrate that they will be irreparably harmed, a showing that the Second Circuit has called "'perhaps the single most important prerequisite for the issuance of a preliminary injunction.'" Bell & Howell: *Mamiya Co. v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir. 1983) (quoting C. Wright & A. Miller, 11A Federal Practice and Procedure § 2948, at 431 (1973)). Additionally, in order to establish irreparable harm, a party "must show the likelihood of irreparable injury if the requested relief is not granted . . . [and] [l]ikelihood sets, of course, a higher standard than 'possibility.'" *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990). Lastly, pursuant to a request for preliminary injunction, a court must balance equities by considering whether "the balance of hardships tip[s] decidedly toward the party requesting the preliminary relief." *Federal Exp. Corp. v. Federal Espresso, Inc.*,

1

201 F.3d 168, 173 (2d Cir. 2000); *see also Genesee Brewing Co., Inc. v. Stroh Brewing Co.*, 124 F.3d 137, 141-42 (2d Cir. 1997); *Doninger v. Niehoff*, 527 F.3d 41, 47-48 (2d Cir. 2008).  Tropic has failed to meet these high standards and, therefore, the requested TRO should be denied.

<u>**ARGUMENT**</u>

### I.    TROPIC HAS NO LIKELIHOOD OF SUCCESS ON THE MERITS

As Tropic cannot demonstrate a likelihood of success on the merits of its Unfair Competition claim, its request for a TRO and preliminary injunction must be denied.

#### a.   Tropic and Vendr are not Competitors Therefore Vendr cannot be Liable for Unfair Competition

As a threshold matter, Tropic and Vendr are simply not competitors.  Moreover, Anderson's role and job responsibilities at Vendr differ materially from his prior role at Tropic. *See* the Declaration of Ryan Neu dated July 19, 2022 (the "Ryan Decl.") ¶¶5-7.  As such, Vendr has no interest or use in any of the alleged "proprietary information" purportedly in Anderson's possession at the time he left Tropic (*Id*. ¶13), as set forth below.

While Tropic and Vendr are both Software-as-a-Service ("SaaS") companies, as Tropic alleges (TRO, 6), the two companies have far different business models which cannot credibly be argued compete with one another.  Whereas, Tropic is in the business of SaaS procurement, Vendr is primarily focused on the "buy button," of SaaS, a shortcut for buying products. Ryan Decl. ¶8. Additionally, Vendr and Tropic target different users and client bases as there is no specific niche customer base. *Id*. ¶12.  Vendr has clients ranging in all industries across the globe that vary in size both in revenue, software spend, and number of employees. *Id*. ¶¶ 9-11.

In addition, Tropic and Vendr having distinctly different business models, aims, and clientele, within the broad category of SaaS; the position for which Vendr hired Anderson is entirely different. *Id*. ¶¶7-9.  At Tropic, Anderson was in a strategic sales role "to develop[]

strategies for negotiating commercial terms with software providers." *See* the complaint filed by Tropic on July 15, 2022 (ECF No. 1) (the "Complaint" or "Compl.") ¶24.  In stark contrast, Vendr hired Anderson in an innovation role as Director Procurement Innovation. Ryan Decl. ¶¶7-9.  This role focuses on Vendr's product offering and the expansion of the services Vendr will provide it its customers in the future, including, without limitation, M&A.  *Id.*  For these reasons Tropic is unlikely to succeed on its unfair competition claim against Vendr.

### b.  Vendr has not and *will not* Receive any of Tropic's Purportedly Stolen Documents

Contrary to Tropic's assertions that Anderson misappropriated certain documents, (TRO 9; Compl. ¶4), Anderson downloaded these documents to ease transition and onboarding of his replacement – a legitimate and innocuous action taken to assist rather than damage Tropic.  *See* the Declaration of Lewis Zirogiannis dated July 19, 2022 (the "Zirogiannis Decl.") ¶5, Exh. C. Even assuming that Anderson downloaded the documents, importantly there can be no credible claim that Vendr received such documents, or has any use for such documents. Ryan Decl. ¶13. Simply put, Anderson's actions at Tropic did not give rise to any claim against Vendr as a result of the hiring of Mr. Anderson under applicable California law.  As Tropic's own Proprietary Agreement makes clear, Tropic understood that its employment of Mr. Anderson resulted in California Labor law applying to the engagement – indeed, Tropic expressly incorporated California Labor Code §2870 in the Proprietary Agreement. *See,* Proprietary Agreement (ECF No. 4-4), p. 4, ¶5(f).  While Tropic heavily relies upon the choice of venue and law provisions of both the Employment Agreement and Proprietary Agreement, in point of fact Tropic's own documents acknowledge the applicability of California labor law regarding Mr. Anderson.  However, under California Labor Code §925, the choice of venue and law provisions regarding a California resident such as Mr. Anderson are unenforceable. *See,* California Labor Code §925 (establishing

that any contractual provision that requires a California employee to adjudicate a claim outside of California or deprive the employee of the substantive protection of California law is voidable and subject to California venue and law).   Thus, the choice of venue and law provisions in the Employment Agreement and Proprietary Agreement are inapplicable in this matter.   Moreover, Tropic's reliance on the inevitable disclosure rule to assert that irreparable harm likely (TRO 11-12) is also misplaced.   Indeed, under California law, the inevitable disclosure rule has been repeatedly rejected. *See*, *Hooked Media Group, Inc. v. Apple, Inc.*, (2020) 55 Cal.App.5th 323, 333 *citing Whyte v. Schlage Lock Co*. (2002) 101 Cal. App. 4th 1443, 1464 (rejecting the "inevitable disclosure" doctrine, under which a claim for trade secret misappropriation is stated if any employee's new job will inevitably lead to reliance on the former employer's trade secrets). Indeed, even assuming Mr. Anderson obtained confidential or protected information from Tropic, mere possession of alleged trade secrets by a departing employee is not enough to establish a UTSA violation. *See, FLIR Systems, Inc. v. Parrish*, (2009) 174 Cal.App. 4th 1270, 1279, *see also*, *Hooked*, supra., at p. 332.

As Vendr and Tropic are not competitors, Vendr is not and was not in receipt of any alleged Tropic confidential and propriety information, and the choice of venue and law provisions relied upon by Tropic are in applicable, Tropic cannot prevail on any claim against Vendr or Anderson.

### c.   The Restrictions in Anderson's Employment Contract are Unenforceable Therefore Vendr cannot be Liable for Tortious Interference

Tropic asserts that Anderson has breached various restrictive provisions in his employment contract with Tropic, (TRO, 13-14) (the "Employment Contract") which are unenforceable under California law,[1] by erroneously concluding that Anderson's vacation home in Colorado makes him

---

[1] *See* California Business & Professions Code § 16600 ("every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void"); *see also* *DePuy Synthes Sales, Inc. v. Stryker Corp.*, 2020 WL 6205702 (C.D. Cal. Sept. 29, 2020) (citing

4

a resident of that state. *See* TRO, note 2 *contra* Zirogiannis Decl. ¶5, Exh. C (confirming that Anderson is and has been a resident of California).  Contrary to Tropic's attempt to create ambiguity about what law may apply to Anderson's employment, Anderson is a resident of California and thus is free to engage in a lawful profession at Vendr. *See* California Business & Professions Code § 16600; *see also DePuy Synthes Sales, Inc. v. Stryker Corp.*, 2020 WL 6205702 (C.D. Cal. Sept. 29, 2020).  Tropic ignores this fact, despite being advised of it, (Zirogiannis Decl. ¶4, Exh. B; ¶5, Exh. C) and makes the attenuated assertion that Vendr is somehow liable for tortious interference because "Vendr has induced Anderson to violate his contractual obligations to Tropic by encouraging him to commence employment with Vendr (a competitor within the meaning of the Employment Agreement) and by inducing him to undertake job duties that substantially overlap with the duties he performed at Tropic" (Compl. ¶83).  Such reasoning is plainly flawed as Vendr cannot be liable for inducing Anderson to violate contractual obligations that were not enforceable in the first place and/or which were unknown to Vendr at the time of Anderson's employment. *NBT Bancorp Inc. v. Fleet/Norstar Financial Group, Inc.*, 87 N.Y.2d 614, 621 (N.Y. 1996) (holding a claim for tortious interference must be dismissed where there is no valid, enforceable contract).

## II.     TROPIC WILL NOT BE IRREPARABLY HARMED IN THE ABSENCE OF INJUNCTIVE RELIEF

Tropic will not be irreparably harmed if the Court does not grant injunctive relief preventing Vendr from commencing its employment of Anderson because, as discussed above in detail, Tropic and Vendr are not competitors, Vendr hired Anderson to serve in a completely different role than Anderson had at Tropic, and Vendr has not and *will not* receive any of Tropics

---

Section 16600 in declaring covenants not to compete unenforceable); see also, California Labor Code §925.

purportedly "stolen documents" (TRO 9; Compl. ¶4). *See* Ryan Decl. ¶13.  Moreover, Vendr has

no interest or use for such materials and information (*Id*.).  Accordingly, Tropic has not met its

burden of showing that it will suffer irreparable harm warranting the Court's grant of a temporary

restraining order and preliminary injunction. *JSG Trading Corp. v. Tray-Wrap, Inc*., 917 F.2d 75,

80 (2d Cir. 1990) (reversing the lower court's grant of a preliminary injunction, because "a

preliminary injunction is an extraordinary remedy that should not be granted as a routine

matter…[], because [movant] has not demonstrated the likelihood that it will suffer irreparable

harm..,").

## III.   THE EQUITIES FAVOR VENDR

In balancing equities pursuant to a request for preliminary injunction, a court should

consider whether "the balance of hardships tip[s] decidedly toward the party requesting the

preliminary relief." *Federal Exp. Corp. v. Federal Espresso, Inc*., 201 F.3d 168, 173 (2d Cir.

2000).  Here, the balancing of equities weighs heavily in favor of Vendr since a restraining order

and preliminary injunction would prevent Vendr from commencing employment of a candidate it

spent nearly a year searching for—i.e., Anderson. Ryan Decl. ¶3.  Indeed, Vendr exhausted

significant time and resources in its pursuit of a candidate with the unique qualifications for the

vacant innovation role (*Id*.) and would be harmed if further restrained from allowing Anderson to

start his employment and address the work that has already been delayed pending the

determination of the TRO. *Id*. ¶15.

Meanwhile, Tropic's alleged irreparable injuries are wholly based on its erroneous and

unsupported *speculation* that once Anderson commences his employment at Vendr he will share

"stolen documents," (TRO 9) which Vendr has not received, will not accept, and for which it has

no use. Ryan Decl. ¶13.  Moreover other claimed proprietary information suggested by Tropic is

based on pure speculation.  For example, Tropic references client lists as coming within the ambit

of such information (Compl. ¶¶22-57; TRO 9-11) – but Tropic is *already* publicly broadcasting its client list from its very own website. Zirogiannis Decl. ¶10, Exh. D.  Such baseless speculation cannot possibly be weighed heavier than the actual burden already being suffered by Vendr.

In short, Tropic has failed to make any showing whatsoever that its alleged irreparable injury is more burdensome than the harm that would continue to be caused to Vendr through the imposition of temporary restraining order an preliminary injunction. As such, the Court should deny Tropic's TRO.

## **CONCLUSION**

For the reasons stated above, Vendr respectfully requests that the Court deny Tropic's motion for a temporary restraining order and a preliminary injunction, brought by an order to show cause.

[SIGNATURE ON NEXT PAGE]

Dated: July 19, 2022
New York, New York

                                        FOLEY & LARDNER LLP

                                        */s/ Lewis Zirogiannis*
                                        Lewis Zirogiannis, Esq.
                                        Telephone: (415) 438-6409
                                        lzirogiannis@foley.com
                                        90 Park Avenue
                                        New York, New York 10016

                                        Marcella M. Jayne, Esq.
                                        (212) 338-3400
                                        mjayne@foley.com

                                        *PHV Granted During July 11, 2022*
                                        *Hearing By Oral Motion*

                                        Eileen R. Ridley, Esq.
                                        555 California St., 17th Floor
                                        San Francisco, CA 94104
                                        Telephone: (415) 438-6469
                                        eridley@foley.com

                                        *Attorneys for Defendant Vendr,*
                                        *INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July 2022, the foregoing MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION was properly served on counsel of record via ECF.


_/s/ Marcella M. Jayne_
MARCELLA M. JAYNE, ESQ.