# Exhibit B



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

555 CALIFORNIA STREET
SUITE 1700
SAN FRANCISCO, CA 94104-1520
415.434.4484 TEL
415.434.4507 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
415.438.6469
eridley@foley.com

CLIENT/MATTER NUMBER
999999-3076

July 13, 2022

<u>Via E-Mail</u>

L. Reid Skibell
Glenn Agre Bergman & Fuentes
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036

      Re:    Stephen Anderson

Dear Mr. Skibell,

      This office has been retained by Vendr, Inc. ("Vendr") and is in receipt of your July 8, 2022 letter regarding Stephen Anderson ("Anderson") wherein you demand, on behalf of your client Tropic Technologies, Inc. ("Tropic"), that Vendr not hire Anderson. Vendr rejects Tropic's demand and does not believe either the facts or applicable law require such a result.

      Anderson was formerly employed with Tropic and, according to your letter, entered into an Employment Agreement and Proprietary Agreement. Notably (and completely ignored in your July 8th letter), the Employment Agreement confirms that Mr. Anderson was to work remotely at a location of his choosing. As well known to Tropic, Mr. Anderson worked from San Francisco, California. Indeed, Tropic confirmed that Anderson's employment would be subject to California law as, for example, the Proprietary Agreement expressly acknowledges the application of California Labor Code §2870 (*see,* Proprietary Agreement, p. 4, ¶5(f)).

      Your July 8th letter references the Employment Agreement's "Reporting and Loyalty" provision wherein it purports to contain a non-compete provision stating "…for a period of one (1) year following termination of your employment, you will not directly or indirectly engage or participate in any business that is competitive in any manner with the business of the Company." However, as we suspect you know, such provisions are completely unenforceable in California as they violate California public policy under Business and Professions Code, §16600. This is despite the fact that there is a choice of law provision identifying New York as the governing law in the Employment Agreement and Delaware as the governing law in the Proprietary Agreement. Indeed, under California Labor Code §925, an out of state employer of a California employee may not require that employee to agree to either a forum-selection or a choice of law provision that identify venues and laws outside the state of California.

| | | | | |
|---|---|---|---|---|
| AUSTIN | DETROIT | MEXICO CITY | SACRAMENTO | TALLAHASSEE |
| BOSTON | HOUSTON | MIAMI | SALT LAKE CITY | TAMPA |
| CHICAGO | JACKSONVILLE | MILWAUKEE | SAN DIEGO | WASHINGTON, D.C. |
| DALLAS | LOS ANGELES | NEW YORK | SAN FRANCISCO | BRUSSELS |
| DENVER | MADISON | ORLANDO | SILICON VALLEY | TOKYO |

4855-4240-2857.2



L. Reid Skibell
July 13, 2022
Page 2

      As for the Proprietary Agreement, as noted above, it confirms that California Labor law applies and thus the choice of venue and law provisions are inapplicable as to Mr. Anderson. Further, your reliance on the inevitable disclosure rule is also misplaced. Indeed, under California law, the inevitable disclosure rule has been repeatedly rejected. *See, Hooked Media Group, Inc. v. Apple, Inc.,* (2020) 55 Cal.App.5th 323, 333 citing *Whyte v. Schlage Lock Co.* (2002) 101 Cal.App. 4th 1443, 1464 (rejecting the "inevitable disclosure" doctrine, under which a claim for trade secret misappropriation is stated if any employee's new job will inevitably lead to reliance on the former employer's trade secrets). Indeed, even assuming Mr. Anderson obtained confidential or protected information from Tropic, mere possession of alleged trade secrets by a departing employee is not enough to establish a UTSA violation. *See, FLIR Systems, Inc. v. Parrish*, (2009) 174 Cal.App. 4th 1270, 1279, *see also, Hooked, supra.*, at p. 332.

      Having said the above, we understand from your letter that Mr. Anderson may have some electronic records he obtained just prior to his departure from Tropic. Please note that Vendr has not received nor will it accept any such information. Indeed, Vendr was unaware that the information was in Mr. Anderson's possession until it received your letter. Moreover, we have specifically instructed Mr. Anderson that he is to return any information belonging to Tropic to your organization and that he is not to transmit, use or disclose any such information in connection with his prospective employment with Vendr.

      Against this backdrop, we recommend that you obtain the information referenced in your letter from Mr. Anderson directly (and that Mr. Anderson permit a forensic review of materials he may have obtained as described in your letter). Indeed, it is our understanding that Mr. Anderson has attempted to return this information to Tropic but, for reasons that cannot be explained, Tropic appears to have rejected this approach. We urge you to reconsider Mr. Anderson's entreaty as the return of Tropic's information and a forensic review of the materials should allay any concerns Tropic may have. There is, however, no basis to suggest that Mr. Anderson cannot be employed by Vendr and Vendr will proceed accordingly.

      Very truly yours,

      Eileen R. Ridley

ERR

4855-4240-2857.2