# Exhibit C



**JEFFREY WANG**
jwang@fklaw.com
212.833.1175

July 15, 2022

<u>BY E-MAIL</u>

L. Reid Skibell
Glenn Agre Berman & Fuentes LLP
1185 Avenue of the Americas,  22nd Floor
New York, NY  10036
rskibell@glennagre.com

   Re: *Your Letter of July 8, 2022 to Stephen Anderson*

Dear Reid:

   This firm represents Stephen Anderson in this matter.  We write to respond to your July 8, 2022 letter to him on behalf of your client Tropic Technologies, Inc. ("Tropic" or the "Company"), which appears to be a transparent and unlawful attempt to bully Mr. Anderson out of his right to work for the employer of his choice, and to wrongfully punish him financially for exercising that right by, among other things, "forfeiting" compensation that you concede was previously due.

   Your letter is premised on two key misconceptions:

   *First*, that Mr. Anderson is not free to work for a competitor.  That position is directly contrary to the law of California, where Mr. Anderson lives and works, and which law – notwithstanding anything in Mr. Anderson's agreements that might be to the contrary – would plainly apply here.  *See* California Business & Professions Code § 16600 ("every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void"); *see also DePuy Synthes Sales, Inc. v. Stryker Corp.*, 2020 WL 6205702 (C.D. Cal. Sept. 29, 2020) (citing Section 16600 in declaring covenants not to compete unenforceable).  The broadly worded, geographically unbounded, one-year non-compete that you purport to invoke is unenforceable in all cases under California law, and its invocation is particularly egregious for an employee, such as Mr. Anderson, who was not one of the many executives of the Company, or even one of its vice presidents.

   *Second*, that Mr. Anderson has stolen Tropic's proprietary documents and intends to use them to, as you colorfully put it, "gild [his] exit."  That assertion, too, is wrong on multiple levels.  To begin, Mr. Anderson did not "steal" any documents.  Rather, he compiled those documents for *Tropic's* use, not his own.  Specifically, Mr. Anderson learned that Tropic would imminently be hiring a new senior vice president, and knowing that if he (Mr. Anderson) received and accepted an offer with another organization he would likely be

Reid Skibell, Esq.                           - 2 -                        July 15, 2022

departing soon thereafter, he wanted to pull together – from multiple sources, including Google MyDrive, his laptops, and the company drive – documents that would be useful for *Tropic's* remaining employees to have in one place in order to facilitate *Tropic's* operations after Mr. Anderson's departure.  In other words, Mr. Anderson's downloading and collecting of files was the direct opposite of "disloyal" or "faithless" conduct: indeed, it was a quintessential display of <u>faithful</u>, loyal conduct towards Tropic.  There was, simply put, no theft.

        Moreover, Mr. Anderson has made clear that he has *no* intention of retaining, let alone using, any of the Company's proprietary information.  Since the morning of July 8, he has been inquiring as to how he can return his devices and any other materials to Tropic. We are happy to work with you to coordinate the return of any and all such devices and materials.  And you can be assured that Mr. Anderson respects, has respected, and will continue to respect his confidentiality obligations, and fully intends to abide by all of those obligations with regard to Tropic's protected information.  Further, he does not intend to – and will not – use any Tropic "trade secrets" or other protected information in his future position at Vendr.

        Based on the foregoing, it is clear that there is no ground for the Company to assert a "for cause" termination of Mr. Anderson; no legitimate justification for the Company "forfeiting" compensation that, as your letter acknowledges, "was previously due" to Mr. Anderson; and no basis for the Company to take any adverse action with respect to any stocks and stock options granted to Mr. Anderson.  Furthermore, no pretextual "investigation" on the Company's part warrants the Company continuing to hold Mr. Anderson's overdue bonus payments, other compensation, and stock options hostage, in violation of the law.  We expect and demand the immediate payment of *all* compensation to Mr. Anderson, and no adverse action may be taken with respect to his stock and vested stock options (and, to the extent any already has been, it should be remedied).

        I look forward to working with you to coordinate the return of Mr. Anderson's devices and materials.  Please feel free to contact me so that we can accomplish it as soon as possible.

        My client, of course, reserves all of his rights.

        Sincerely,

        /s/ Jeffrey Wang
        Jeffrey Wang