

L. Reid Skibell
rskibell@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.970.161

January 6, 2023

**Via ECF**
Honorable Lewis J. Liman
United States District Court Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

      Re:    *Tropic Technologies, Inc. v. Anderson*, Case No. 1:22-cv-06043-LJL

Dear Judge Liman:

Plaintiff Tropic Technologies, Inc. and Defendant Stephen Anderson jointly write concerning Plaintiff's request that the Court order the parties to alternative dispute resolution pursuant to Local Civil Rule 83.9 and Section 15.a. of the Case Management and Scheduling Order [Dkt. No. 29]. Defendant opposes this request. Please find below the parties' respective views regarding the issue of mediation.

### I.    Plaintiff's Position.

As previously discussed at the Initial Case Management conference in this matter, Tropic respectfully submits that the key legal and factual issues in this matter have already been resolved, as reflected in Your Honor's decision entering the Temporary Restraining Order [Dkt. No. 15]. Accordingly, Tropic requests that Your Honor refer this action to a Magistrate Judge for the specific purpose of conducting a settlement conference and enter a stay of the discovery deadlines to give the case an opportunity to be resolved at mediation. Neither party in this case has produced any discovery, so a short stay will not prejudice Defendant.

To Tropic's understanding, Mr. Anderson is resisting mediation because he believes that Plaintiff should withdraw its claims. The basis for this position appears to be Mr. Anderson's representation that he belatedly returned all of the files he took from his former employer, which, so he asserts, means Tropic has no cognizable damages. That is unrealistic; Tropic will not withdraw its claims without a judgment on the merits or a settlement agreement that appropriately protects its interests. Mr. Anderson was a disloyal employee who stole thousands of documents from Tropic and falsely represented that he was a resident of California, to avoid the terms of his employment contract, when he was actually living in Colorado. Plaintiff's "word" that he returned Tropic's documents is far from adequate.

Moreover, even if Mr. Anderson returned Tropic's documents and did not otherwise share or copy them, Tropic would still have cognizable legal claims. Tropic would be entitled to injunctive relief for Mr. Anderson's breach of the Proprietary Information and Invention Assignment Agreement (Count I), and the forfeiture of compensation paid to Mr. Anderson for



**GLENN AGRE BERGMAN & FUENTES**

being a disloyal employee (Count V), and the company could still recover nominal damages, the costs of resecuring its computer systems pursuant to the Computer Fraud & Abuse Act claim (Count VI), and potentially exemplary damages and attorneys' fees under the Defend Trade Secrets claim (Count VII).

While Tropic is under no compulsion to unilaterally withdraw its claims, the company is willing to negotiate a reasonable resolution and is hopeful that mediation will make that possible. Tropic respectfully requests Your Honor refer this case to a Magistrate Judge for a settlement conference.

II.  **Defendant's Position.**

Defendant believes that mediation at this point is premature and would not be productive since there are pending discovery requests and to date, Defendant has not received Plaintiff's document production. Instead, Defendant proposes that the Parties be allowed an additional 90 days to complete discovery before participating in any mediation. In support of this request, Defendant's letter requesting an extension is forthcoming.

Defendant also disagrees that the key legal and factual issues in this matter have been resolved. The only proceeding to date was the issuance of a temporary restraining order that prohibited Defendant from working for Vendr based on a restrictive covenant and allegations of potential trade secret theft. Defendant never worked for Vendr and is currently employed by a company that does not compete with Plaintiff, so the first cause of action for Breach of Contract is now arguably moot. Notwithstanding, Plaintiff is maintaining claims against Defendant for Misappropriation of Trade Secrets (Fourth Cause of Action), Breach of Fiduciary Duty (Fifth Cause of Action), Violation of the Computer Fraud and Abuse Act (Sixth Cause of Action), and Violation of the Defend Trade Secrets Act (Seventh Cause of Action). These are serious allegations and Defendant cannot engage in meaningful settlement discussions until further discovery has been completed. To date, there have been no depositions and the documents exchanged to date have no bearing on the claims at issue.

Plaintiff's request for mediation comes immediately following Defendant's targeted written discovery requests and requests for deposition dates. Plaintiff is simply seeking to stall and unnecessarily prolong this litigation by requesting a discovery stay. If Plaintiff is interested in putting this matter to rest, the best course of action is to proceed with discovery so Defendant can adequately assess the nature of the allegations and claims against him. Despite Plaintiff's delays, Defendant maintains his intent to proceed with discovery and depositions before considering settlement. Without further information or discovery to evaluate the merits of Plaintiff's claims, Defendant cannot engage in successful settlement negotiations.

As such, while Defendant does not oppose mediation, Defendant maintains his opposition to a discovery stay and the best course of action is to proceed with an extension of discovery so he may adequately assess the merit of the claims alleged against him before proceeding with any settlement negotiations. To place a stay on discovery would only delay any potential settlement negotiations.

**GLENN AGRE BERGMAN & FUENTES**

\* \* \* \* \*

  Thank you for your attention to this matter.  If the Court has any questions, the parties are available at the Court's convenience.

               Respectfully submitted,

                   By: */s/ L. Reid Skibell*
                   L. Reid Skibell
                   **Glenn Agre Bergman & Fuentes LLP**
                   1185 Avenue of the Americas
                   New York, New York 10036
                   rskibell@glennagre.com

                   *Attorneys for Plaintiff Tropic*
                   *Technologies, Inc.*