UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TROPIC TECHNOLOGIES, INC.,

                Plaintiff,

     -v-

VENDR, INC. and STEPHEN ANDERSON,

                Defendants.

------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/03/2023
```

22-cv-6043 (LJL)

MEMORANDUM & ORDER

LEWIS J. LIMAN, United States District Judge:

      Defendant Stephen Anderson ("Defendant") moves to compel the production of documents or for the Court to set a date certain by which Plaintiff Tropic Technologies, Inc. ("Plaintiff") must produce documents in response to Defendant's first request for production of documents. Dkt. No. 40. The motion is denied.

      Plaintiff represents that it will produce the documents responsive to Requests Nos. 1, 7, and 8 in advance of March 14, 2023. Dkt. No. 41 at 2. That date is reasonable, and no Court order is required.

      Defendant further requests the following two categories of documents: (1) All documents or electronically stored information concerning Defendant's job duties and responsibilities since October 5, 2020 (Request No. 3); and (2) All documents or electronically stored information concerning any changes in Defendant's job duties and responsibilities since October 5, 2020 (Request No. 4). Dkt. No. 40 at 2. Plaintiff objects on grounds of relevancy and overbreadth. Dkt. No. 41 at 2–3. Plaintiff's objection on grounds of relevancy is without merit. To the extent that Plaintiff still seeks to enjoin Defendant from "[d]irectly or indirectly accepting employment with Vendr through July 7, 2023, based on the provision in his employment agreement that he not "directly or indirectly engage or participate in any business that is competitive in any manner with [Defendant]" Dkt. No. 1 ¶ 34, the requested documents are relevant. *See Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 70-71 (2d Cir. 1999). Plaintiff represents that it is willing to stipulate as to Defendant's job duties, job responsibilities, and job titles between October 5, 2020 and the date of Defendant's termination by Plaintiff. Dkt. No. 41 at 2–3. Such a stipulation may make the current requests overbroad and disproportionate to the needs of the case. Accordingly, in order to afford the parties time to consider a stipulation and whether and how such stipulation will affect these requests for production, the Court denies the request to compel responses to Requests Nos. 3 and 4 without prejudice to its renewal not earlier than March 16, 2023.

Defendant also complains that Plaintiff has failed to respond to Defendant's Interrogatory No. 20, which asks Plaintiff to "[i]dentify each and every statement (oral, written or in any recorded) that you have obtained from any person or source concerning your claims against Defendant, including the name, address, home telephone number and business telephone number of the person who gave the statement [*sic*] the date the statement was obtained.  Attach copies of all such documents to your answers to these Interrogatories."  Dkt. No. 40-4 at 7.  Plaintiff has responded to Interrogatory No. 20 that its production of documents will include communications regarding the allegations in the Complaint and refers Defendant to those communications.  Dkt. No. 40-5 at 16.  Defendant is not entitled to any relief with respect to the Interrogatory No. 20; the interrogatory is not permitted under Local Rule 33.3.  *See Mangahas v. Eight Oranges, Inc.*, 2022 WL 14106010, at * 1 (S.D.N.Y. Oct. 24, 2022).

Defendant's motion to compel with respect to Requests Nos. 1, 7, and 8 and Interrogatory No. 20 is DENIED and Defendant's motion to compel with respect to Requests Nos. 3 and 4 is DENIED without prejudice to renewal not earlier than March 16, 2023.  The Clerk of Court is respectfully directed to close Dkt. No. 40.

SO ORDERED.

Dated: March 3, 2023
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge